UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                          CHAPTER 13
    ANGELA RENEE CARTER          BANKRUPTCY NO. 16-08549

    Debtor

## CERTIFICATE

    Comes the Creditor, Cavalry Spv I, LLC – Assignee of Capital One N.A. by counsel, and hereby certifies that copies of the attached pleading(s) have been sent electronically, or by first class mail to the persons listed on the attached page on the date that this pleading is filed with the court.

Reimer Law Co.

By: /s/ Dennis M. Ostrowski
Dennis M. Ostrowski (#18099-10)
Counsel for Creditor
9300 Shelbyville Road, Suite 1000
Louisville, KY 40222
502-371-0060
502-371-0061 – fax
Reimer.ecf@reimerlaw.com

C19-7017   DMO/ERS

Debtor:

Angela Renee Carter
1332 N. Woodburn Avenue
Bloomington, IN 47404

Counsel for Debtor(s):

Terry  L. English
820 N College Ave
Bloomington, IN 47404


Trustee:

John Morgan Hauber
320 North Meridian Street, Suite 200
Indianapolis, IN 46204

SO ORDERED: January 28, 2019.


**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                                        CHAPTER 13
    ANGELA RENEE CARTER                 BANKRUPTCY NO. 16-08549

    Debtor

### ORDER GRANTING 'S MOTION TO TERMINATE AUTOMATIC STAY AND ABANDONMENT PURSUANT TO BANKRUPTCY RULE 4001

The Secured Creditor, Cavalry Spv I, LLC – Assignee of Capital One N.A. , has moved for relief from the automatic stay pursuant to §362(d) with respect to the following collateral 2013 Yamaha XVS650/C V-Star  VIN: JYAVM01E1DA139294.  No timely opposition was filed pursuant to S.D.Ind.B-9013-1(d); or any objection raised was withdrawn or overruled by the Court at the scheduled hearing.

IT IS ORDERED that the automatic stay pursuant to 11 U.S.C. §362(a) is terminated with respect to the secured creditor and the affected collateral described above, and that the Trustee is ordered to abandon the affected collateral as burdensome or of inconsequential value

to the estate pursuant to 11 U.S.C. §554 and L.B.R. 6007.  The Court makes no determination regarding the validity, perfection or priority of the lien interest claimed by the secured creditor.

IT IS FURTHER ORDERED that the stay in Fed. R. Bankr. P. 4001(a)(3) does not apply

# # #